UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SRAM, LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**HAYES BICYCLE GROUP, INC.,**<br><br>　　　　Defendant. | **No. 12 C 3629**<br><br>**Magistrate Judge Mary M. Rowland** |

## MEMORANDUM OPINION AND ORDER

Plaintiff SRAM, LLC moves the Court to compel Defendant Hayes Bicycle Group, Inc. to produce certain sales and financial information. For the reasons stated below, the Motion is granted.

## I. BACKGROUND

SRAM seeks to recover damages stemming from Hayes's purported infringement of one of SRAM's patents, numbered 6,217,049 B1 ('049 Patent). (Second Am. Compl.). The '049 Patent claims the invention of a lockout mechanism for a bicycle suspension fork having particular features. (Compl. ¶ 9).[1]

On May 12, 2003, SRAM filed a lawsuit against Answer Products, Inc., to which Hayes is successor in interest, for infringement of the '049 Patent. (Compl. ¶ 10). SRAM and Answer entered into a Settlement and License Agreement (Settlement

---

[1] Citations to the complaint are to the Second Amended Complaint.

Agreement) (*id.* Ex. B), pursuant to which SRAM granted Hayes a license to make, have made, use, sell, offer for sale, and import bicycle front suspension forks that infringe any claim of the '049 Patent in exchange for royalty payments (*id.* ¶¶ 11–14). The Settlement Agreement also forbade Answer from challenging the validity of the '049 Patent. (Settlement Agreement ¶ 7.5). Thereafter, the assets of Answer were transferred to HB Bicycle Components, LLC, which later changed its name to HB Suspension Products. LLC. (Dkt. 171 at 3). HB later transferred all of its assets to Hayes, HB's sole member. (*Id.*).

In May 2012, SRAM filed this action against HB, alleging breach of the 2003 Settlement Agreement. (Dkt. 10). In the current complaint, SRAM alleges that Hayes has not paid royalties on these products since 2007, in violation of the Settlement Agreement (Count I) and has sold products that infringe the '049 Patent (Count II). (Compl. ¶¶ 32–49).[2]

On December 20, 2012, SRAM filed a motion for summary judgment on the issue of whether Hayes is bound by the terms of the Settlement Agreement. (Dkt. 63). The District Judge granted SRAM's motion finding that Answer's rights and obligations associated with the Settlement Agreement were validly assigned to Hayes. (Dkt. 171 at 17). Moreover, the Court found that because Hayes is bound by the terms of the Settlement Agreement, including its no-challenge provision, "Hayes cannot challenge the validity of the '049 Patent, even as a defense to the present lawsuit." (*Id.* at 18).

---

[2] SRAM has dismissed HB as a defendant. (Dkt. 50).

Based on the Court's ruling, Hayes filed a motion to dismiss arguing that it is entitled to judgment on the pleadings as to Count II because the District Court had concluded that it has a license to make, use, and sell the alleged inventions of the '049 Patent. (Dkt. 182 at 1). Therefore, Hayes argued, it cannot be infringing and Count II must be dismissed pursuant to Rule 12(c). (*Id.*). In addition, Hayes argued that if Count II is dismissed, the Court lacks subject matter jurisdiction over Count I, the breach of contract claim. (*Id.*).

In an October 9, 2013 hearing on the motion, the District Court expressed skepticism with Hayes's arguments:

> [The patent infringement claim can be dismissed only] if Hayes now concedes and agrees that the license agreement binds Hayes, because otherwise, the infringement claim is just as live as it was before I ruled.
>
> That is not final, right? There hasn't been an appeal, not even final judgment entered in this case. So to say that Hayes is entitled to judgment on the pleadings, that makes no sense, where there is still in the alternative this infringement claim.
>
> Now, if you were to file a concession of some sort, or maybe you file your answer, for example, and you say, we admit that the settlement agreement binds Hayes, then I can see how at that point, because there is now a binding admission, that there is no longer a live patent infringement claim, but there is still one at this moment.

(Dkt. 209 at 6). After further briefing the District Court denied Hayes's motion on November 14, 2013. (Dkt. 214).

On December 2, 2013, Hayes filed its answer to the second amended complaint. (Dkt. 218). In its answer, Hayes denied any obligations under the Settlement Agreement. (*Id.* ¶¶ 11, 12, 14–17).

## II. DISCUSSION

SRAM moves to compel Hayes to produce all of the documents and information sought by Requests Nos. 17, 22, and 23 in SRAM's First Requests for Production. (Dkt. 173). The Requests seek (i) documents concerning the sales and marketing of the bicycle suspension forks in the United States; (ii) Hayes's financial information since 2009; and (iii) Hayes's budgets, forecasts, and business plans. (*Id.* at 2, 4). SRAM contends that "Hayes's business records relating to the number of accused products sold and the dollars associated with those sales go to the heart of the amount of damages that SRAM has suffered as a result of Hayes's breach of the Settlement Agreement." (*Id.* at 1).

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, "requested discovery must be tied to the particular claims at issue in the case." *Sykes v. Target Stores*, No. 00 C 5112, 2002 WL 554505, at *3 (N.D. Ill. Apr. 15, 2002); see *Moore v. Morgan Stanley & Co.,* No. 07 C 5606, 2008 WL 4681942, at *2 (N.D. Ill. May 30, 2008). Under Rule 37, a party may move to compel discovery where another party fails to respond to a discovery request or where the response is evasive or incomplete. Fed. R. Civ. P. 37(a)(3)–(4). "In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted); see *Cannon v. Burge*, No. 05 C 2192, 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010) ("The federal discovery rules

are liberal in order to assist in trial preparation and settlement."); *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process" and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450; *accord Cannon*, 2010 WL 3714991, at *1. Finally, the Court has broad discretion whether to compel discovery. *See Kodish*, 235 F.R.D. at 450.

**A. SRAM is Entitled to Discovery on Both Counts**

As a preliminary matter, Hayes contends that because "the Court has concluded that Hayes is bound by the Settlement Agreement[, t]he only discovery that is relevant to damages in this case is information relating to Hayes's 'Net Sales' as defined in paragraph 2.4 of the Settlement Agreement." (Dkt. 195 at 3). Hayes argues that because the Settlement Agreement includes a license to make, use, and sell the '049 Patent inventions, it cannot be liable for patent infringement. (*Id.* at 1, 3, 6, 7). As discussed above, the District Court rejected this argument, stating that unless Hayes concedes and agrees that it is bound by the terms of the Settlement Agreement, the alternative patent infringement claim remains live.[3] (Dkt. 209 at 6). In its recent answer to the second amended complaint, Hayes continues to deny that it is bound by any of the Settlement Agreement's obligations or liabilities. (Dkt. 218 at ¶ 17). SRAM is entitled to discovery on the patent infringement as well as the breach of contract claim.

---

[3] Hayes concedes that "some of the information that SRAM is seeking might be relevant to patent infringement claims." (Dkt. 195 at 7).

## B. Hayes Must Produce the Underlying Business Records

Instead of producing business and financial documents, Hayes produced two spreadsheets that were prepared specifically for this litigation. (Dkt. 173 Exs. C, G; Dkt. 195 Exs. 3, 4).[4] Under Rule 34, a party who produces documents must "produce them as they are kept in the usual course of business" or "organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i); *accord Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 410 (N.D. Ill. 2007). Further, Rule 34 also dictates that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). In explaining these provisions, the Advisory Committee has cautioned:

> [T]he option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. P. 34(b) advisory committee's note (2006).

Hayes argues that the spreadsheets already provided are a form of electronically produced information and are in greater detail than what its executives get on a regular basis. (Dkt. 195 at 8–9). Hayes also contends that its Rule 30(b)(6) witness

---

[4] Hayes also provided a third spreadsheet, which states on its face that it is being produced "for settlement purposes only." (Dkt. 208 Ex. A).

"testified at length about the information in the [spreadsheets]." (*Id.*) Nevertheless, Hayes's production is not sufficient. SRAM is entitled to review the information that purportedly supports the numbers contained on the spreadsheets. Hayes shall produce the underlying sales records as they are kept in the usual course of business.

**C. Worldwide Sales are Relevant to SRAM's Claims**

Hayes argues that only its sales in the United States are relevant. (Dkt. 195 at 4–6). Thus, Hayes contends it need not produce financial information about worldwide sales made by HBPSI-Taiwan. (*Id.*). The Court disagrees.

Under the Settlement Agreement, Royalty Products are defined as "bicycle front suspension forks that infringe any claim of the '049 Patent that has not been disclaimed or held invalid." (Settlement Agreement § 2.3). Hayes is required to pay a royalty based on the "gross sales actually received" by Hayes. (*Id.* §§ 2.4, 4.1–4.3). The Settlement Agreement also requires Hayes to "promptly notify SRAM of any alleged infringement by a third-party of any claim of the '049 Patent." (*Id.* § 7.4). Accordingly, SRAM is entitled to discover what Hayes knows about HBPSI-Taiwan's sales, because if Hayes knew that HBPSI-Taiwan was infringing the '049 Patent and failed to notify SRAM, it would constitute a breach of the Settlement Agreement and SRAM could be entitled to damages. Moreover, an offer to sell an infringing product made outside the United States constitutes an offer to sell within the United States if the "contemplated" sale or use is within the United States. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1308–09 (Fed. Cir. 2010). The Complaint specifically alleges that "Hayes

has induced others to infringe by attending trade shows and selling or offering to sell products that infringe the '049 Patent . . . to buyers that it knew or should have known would use, sell or offer to sell said products in the United States or import said products into the United States." (Compl. ¶ 45). The Court concludes that under the liberal discovery rules, the requested information is "relevant to the subject matter involved in the action" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

**D. Requested Information is in Hayes's Possession, Custody, or Control**

Hayes also contends that it "does not *have* [the worldwide sales] information." (Dkt. 195 at 6) (emphasis added). Hayes appears to be suggesting that the requested information is possessed by HBPSI-Taiwan. (*See id.*). But it is well-settled that discovery obligations require a party to produce more than merely the documents in its possession. Federal Rule 34(a)(1) calls for production of documents "in the responding party's *possession, custody, or control.*" (Emphasis added.) The concept of "control" is construed broadly and "includes documents that a party has the legal right to obtain on demand." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006). Indeed, "by including 'control' . . . , [Rule 34] explicitly allowed discovery of documents that may not actually be owned by the party in question." *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08 C 16, 2009 WL 2408898, at *4 (E.D. Wis. July 31, 2009); *see Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994) ("If the producing party has the legal right or the practical ability to obtain the docu-

ments, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.").

SRAM has provided undisputed evidence that the two companies share officers and directors and have interrelated corporate structures. (*See* Dkt. 208 at 11–12 & Exs. C, E, F, G, H, J). These common officers and directors have control over HBPSI-Taiwan's information. *See Wiwa v. Royal Dutch Petroleum Co.*, No. 96 C 8386, 2009 WL 529224, at *2 (S.D.N.Y. Feb. 17, 2009) ("A party's control over third-party documents extends to the records of a corporation for which the party serves as an officer."); *Haseotes v. Abacab Int'l Computers, Inc.*, 120 F.R.D. 12, 14 (D. Mass. 1988) ("the individual defendants, as officers, directors, and shareholders of Abacab Ltd. and Abacab Inc., can be required to produce documents that are in the possession of the corporations"); *Wachovia Sec., LLC v. Loop Corp.*, No. 05 C 3788, 2010 WL 5860436, at *5 (N.D. Ill. May 5, 2010) (person with "practical and actual managerial control" over entity has "control" of documents and must produce them); *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (same). Even if the requested information is located overseas, the Court has the authority to order its production. *See Dexia Credit Local*, 231 F.R.D. at 542 ("Once personal jurisdiction over the person and control over the documents by this person are present, a United States court has power to order production of the documents.") (citation and alteration omitted). The Court finds that Hayes has control over the requested information.

## III. CONCLUSION

Plaintiff's Motion to Compel [172] is **GRANTED**. Defendant shall produce all of the documents and information described and sought by Requests Nos. 17, 22, and 23 from SRAM's First Requests for Production no later than **December 31, 2013**.

E N T E R:

Dated: December 10, 2013

_____
MARY M. ROWLAND
United States Magistrate Judge